Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1233 | **DATE** | March 6, 2012 |
| **CASE TITLE** | Timothy James Thomas (#2010-1020192) v. Michael Schaffer, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's current *in forma pauperis* application [3] is denied without prejudice to him submitting a completed and updated application. Plaintiff's complaint is dismissed without prejudice to him submitting an amended complaint. To proceed with this case, Plaintiff must, within 30 days of the date of this order, (1) either prepay the $350 filing fee or submit a completed *in forma pauperis* application, and (2) submit an amended complaint that states a valid claim. Plaintiff's failure to comply with this order will result in summary dismissal of this case. The clerk is directed to send to Plaintiff an *in forma pauperis* application and an amended complaint form.

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

     Plaintiff Timothy James Thomas, incarcerated at the Cook County Jail, has filed a 42 U.S.C. § 1983 complaint against Cook County Jail Officer Michael Schaffer (#483) and Assistant State's Attorney ("ASA") Amanda Pillsbury. Plaintiff alleges that, at a hearing in his state criminal case, he asked if assault charges could be brought against the victim of Plaintiff's alleged offense. ASA Pillsbury (not the prosecutor in Plaintiff's criminal case) spoke to Plaintiff to determine whether to bring assault charges against the victim. Pillsbury allegedly provided the information she received to the prosecutor of Plaintiff's case, which resulted in Plaintiff providing a statement in his criminal case. Plaintiff also alleges that Officer Schaffer saw that Plaintiff was suffering from injuries when he arrived at the jail, but refused to obtain medical attention for him.

     Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"); however, his application is incomplete as it contains only information through October 2011. Under the Prison Litigation Reform Act ("PLRA"), an inmate must either prepay the $350 filing fee or seek leave to proceed *in forma pauperis* to pay the fee in installments. The IFP application must include both a certificate from an authorized officer attesting to the amount of funds Plaintiff has in his account and "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). The current IFP application contains a certificate of an authorized officer and a trust fund account statement from October 2011. More current information (up to February 2012) is needed before this court rules on the IFP motion. Plaintiff is given 30 days to submit a more current IFP application or prepay the $350 filing fee. His failure to do so will result in the dismissal of this case. N.D. Ill. Local Rule 3.3(e).
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

Additionally, preliminary review of the complaint, *see* 28 U.S.C. § 1915A, shows that his complaint cannot proceed as it currently drafted. Plaintiff asserts unrelated claims against different Defendants. He alleges that ASA Pillsbury divulged information which resulted in a coerced statement from Plaintiff. He then alleges that Officer Schaffer acted with deliberate indifference to Plaintiff's injuries. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (a plaintiff may not file a complaint alleging unrelated claims against different defendants). Plaintiff should assert only related claims in the current suit, and unrelated claims against different defendants should be brought in a separate suit.

The court further notes that Plaintiff's claim that ASA Pillsbury's conduct coerced his statement may not proceed at this time, if the claim challenges the validity of his statement, and the statement is either an integral part of an ongoing criminal proceeding or the basis of a conviction. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (prisoner may not bring 42 U.S.C. § 1983 action, if a favorable ruling would call into question the validity of a conviction, unless the conviction has already been declared invalid). Plaintiff may be allowed to raise the claim now, but it may be stayed pending resolution of his criminal proceedings.

The complaint is therefore dismissed. To proceed with this case, Plaintiff must submit a complaint that asserts only related claims. If Plaintiff seeks to proceed with his claim against ASA Pillsbury, he should clarify that his claim either does not challenge the validity of his statement or that the his statement is not the basis of a conviction or part of an ongoing criminal.

Accordingly, to proceed with this case, Plaintiff must, within 30 days of the date of this order: (1) either prepay the $350 filing fee or submit a completed IFP application that shows the activity in his prison trust account during the six-month period before filing this suit, and (2) submit an amended complaint that states only related claims. The clerk is directed to send Plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order. Plaintiff's failure to comply will result in the summary dismissal of this case.