Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1233 | **DATE** | May 3, 2012 |
| **CASE TITLE** | Timothy James Thomas (#2010-1020192) v. Michael Schaffer, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's current *in forma pauperis* application [8] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's trust account in accordance with this order. Plaintiff may proceed with his amended complaint [6] against Cook County Sheriff Officer Michael Schaffer. The clerk is directed to send a copy of this order to the trust fund officer at the Cook County Jail and to issue summons for service of the amended complaint on Officer Schaffer. All other Defendants are dismissed. Plaintiff's motion for the appointment of counsel [7] is denied without prejudice.

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

     Plaintiff Timothy James Thomas, incarcerated at the Cook County Jail, has filed an amended complaint and an updated *in forma pauperis* application in accordance with the Court's March 6, 2012, order.

     Plaintiff's motion to proceed *in forma pauperis* indicates that he is unable to pre-pay the $350 filing fee. The Court grants his motion and assesses an initial partial filing fee of $6.60. The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to deduct the initial partial filing fee from Plaintiff's trust fund account and send it to the Court. Thereafter, the trust fund officer shall collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments c shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, U.S. District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this suit. Plaintiff shall remain responsible for the filing fee, and Cook County Jail authorities shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.

     With respect to the amended complaint, Plaintiff has narrowed his claims and now asserts that, on December 19, 2010, Cook County Sheriff Michael Schaffer (badge number #483) three times refused Plaintiff's requests for medical attention during his arrest. According to Plaintiff, he had sustained injuries just before being arrested when his girlfriend, the alleged victim, kicked him in the face several times, knocking out three teeth and causing other injuries. Plaintiff's allegations state a colorable cause of action against Defendant Schaffer. *Langston v. Peters*, 100 F.3d 1235, 1241 (7th Cir. 1996) (delay in getting medical treatment may constitute deliberate indifference).

     The clerk shall issue summons for service of the complaint on Cook County Sheriff Michael Schaffer (#483). The U.S. Marshal is directed to serve Defendant. The Marshal may forward to Plaintiff any forms necessary for service. Plaintiff's failure to return forms to the Marshal may result in the dismissal of Defendant. If Defendant is no longer associated with the Cook County Sheriff's Office, officials there shall provide his last known address, which the Marshal shall use only to effect service and which shall not be kept in the court's file nor divulged by the Marshal. The Marshal may attempt to obtain a waiver of service pursuant to Fed. R. Civ. P. 4(d), but if unable to obtain a waiver, the Marshal must attempt personal service on Defendant.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|
|     Plaintiff must submit a judge's copy of all filings and must send a copy of all filings to the Defendant, or to his attorney, if one has entered an appearance for him. Plaintiff must include a certificate of service with each filing, stating to whom and the date copies were mailed. Letters sent directly to the judge, as well as any submissions to the court that do not comply with the court's instructions, may be returned to Plaintiff without being filed.<br>    Plaintiff's motion for the appointment of counsel is denied without prejudice. Neither the issues nor the discovery of this case are complex, and Plaintiff appears to be competent to represent himself at this stage of the proceedings. Counsel is not warranted at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010). |